UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER F. KRUPP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV1862 TIA |
| | ) |
| EUGENE STUBBLEFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for reconsideration of the dismissal of his complaint. The Federal Rules of Civil Procedure do not provide for a "motion to reconsider." Nonetheless, broadly interpreting the motion as one for relief from the order under Federal Rule of Civil Procedure 60(b)(6), and further construing the relief sought as leave to amend the complaint, the Court will deny plaintiff's motions.

Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir.1985). After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates. Id. Leave to amend may still be granted, but "a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the

amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time." Littlefield v. City of Afton, 785 F.2d 596, 610 (8th Cir.1986) quoting Freeman v. Continental Gin Co., 381 F.2d 459, 470 (5th Cir.1967)).

In the instant case, plaintiff waited to amend his pleadings until after the case was dismissed and has provided no adequate reason explaining this delay, other than the Court's recitation, in its Memorandum and Order, of the current state of the law and plaintiff's deficiencies in compliance. Accordingly, plaintiff has not provided sufficient grounds for this Court to grant him the relief he seeks.

In addition to the untimeliness of the plaintiff's motion, if the Court's analysis was driven solely by Rule 15(a), the futility of the motion would also warrant its denial. See, Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir.1993) (standard applied in futility analysis is the same as that invoked in a Motion to Dismiss).

One of the grounds for dismissal of this action was that plaintiff had not designated whether defendants were being sued in the individual or official capacities. Accordingly, the Court construed plaintiff's claims against defendants in their official capacity and dismissed for plaintiff's failure to allege that a policy or custom was responsible for the claimed constitutional violations. See, e.g.,

Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Plaintiff seeks to amend his complaint by naming defendants in their individual capacities. As stated in the Court's December 21, 2007 Memorandum and Order, even if plaintiff had designated his claims as brought against defendants in their individual capacities, his claims would still be subject to dismissal. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (inmates do not have a constitutionally protected right to the prison grievance process); Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005) (plaintiff's failure to allege deliberate indifference to his health or safety is fatal to his conditions of confinement claim); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (plaintiff's administrative segregation claim fails because he has not alleged some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship).

Moreover, although not specifically noted in its December 21, 2007 Memorandum and Order, the Court believes plaintiff's filings to be malicious, and thus, susceptible to dismissal on those grounds.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief.  A Court may determine that an action is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations and whether probative facts vital to the life of the lawsuit have been alleged.  Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  Id. at 461-63.  When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to plaintiff's prior litigious conduct.  Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

This past year alone, plaintiff has filed nine (9) actions in this Court.[1]  Three of these actions, including the instant one, have been dismissed pursuant to 28 U.S.C. § 1915 as either frivolous or because they failed to state a claim.[2]

---

[1] Krupp v. St. Louis Justice Center, No. 4:07CV883 JCH (E.D. Mo.); Krupp v. St. Louis Justice Center, No. 4:07CV884 JCH (E.D. Mo.); Krupp v. St. Louis Justice Center, No. 4:07CV912 CEJ (E.D. Mo.); Krupp v. Singer, No. 4:07CV913 TCM (E.D. Mo.), Krupp v. Stubblefield, 4:07CV1862 TIA (E.D. Mo.), Krupp v. City of St. Louis, No. 4:07CV1918 JCH (E.D. Mo.), Krupp v. Ball-Tyler, No. 4:07CV1968 CAS (E.D. Mo.); Krupp v. West, No. 4:07CV2023 DJS; (E.D. Mo.); Krupp v. Thompson, No. 4:07CV2025 DJS (E.D. Mo.).

[2] After dismissing the instant action pursuant to 28 U.S.C. § 1915, the Court denied plaintiff's motions to proceed in forma pauperis in his subsequent actions, pursuant to 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a

Additionally, in several of these cases, plaintiff has filed a plethora of frivolous motions, wasting the Court' judicial resources and needlessly prolonging the litigation. For example, in Krupp v. St. Louis Justice Center, No. 4:07CV883 JCH (E.D. Mo.), plaintiff has initiated approximately seventy (70) motions, of which, only eight (8) have been granted in some part. As a result of plaintiff's litigiousness, there are over 159 docket entries and the case has not yet proceeded through discovery. Moreover, plaintiff frequently files communications that are hostile to both defendants and the Court. Plaintiff's litigious history in this Court indicates that many of his filings were brought for nothing more than harassment purposes. Moreover, the accusations plaintiff has laid against the sixty-five (65) defendants named in the nine (9) actions[3] he has filed this past year greatly dimish the veracity of plaintiff's claims in this action. As such, even if the Court were to reconsider its dismissal, the case would be subject to dismissal pursuant to 28 U.S.C. § 1915(e) as malicious.

---

civil action in forma pauperis if on three or more occasions the prisoner has brought an action that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Thus, although the Court has not reviewed plaintiff's subsequent complaints under 28 U.S.C. § 1915, a cursory review of those cases indicates that many would not be able to survive review under the frivolity statute.

[3]Some of the defendants were named multiple times in the many different lawsuits brought by plaintiff.

For each of the aforementioned reasons, the Court will deny plaintiff's motions for reconsideration and/or leave to amend his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration and/or for leave to amend his complaint [Doc. #10] is **DENIED**.

Dated this  16th  day of January, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE